**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RICHARD M. ZELMA,<br><br>                   Plaintiff,<br><br>v.<br><br>ARMAND P. BABIGIAN, and SADDLE RIVER ROOFING, LLC d/b/a ORANGE ROOFING,<br><br>                   Defendants. | Civil Action No. 25-18893 (JXN)(MAH)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court are Plaintiff Richard M. Zelma's ("Plaintiff"), *pro se*, motion for default judgment pursuant to Federal Rule of Civil Procedure[1] 55(b) against Defendants Armand P. Babigian ("Babigian") and Saddle River Roofing, LLC d/b/a Orange Roofing ("SRR") (collectively, "Defendants") (ECF No. 5), and Defendants' motion to set aside the entry of default pursuant to Rule 55(c) (ECF No. 7). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for default judgment is **DENIED**, and Defendants' motion to set aside the entry of default is **GRANTED**.

I.      **BACKGROUND**

Plaintiff seeks statutory damages under the Telephone Consumer Protection Act ("TCPA" or "Act"), 47 U.S.C. § 227 *et seq.*, and its implementing regulations, 47 C.F.R. § 64.1200 *et seq.*, for a series of telemarketing calls Defendants placed to his two residential landline phones. (*See generally* Compl., ECF No. 1.)

---

[1] Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Defendant SSR is a New Jersey-based limited liability roofing company, with its principal place of business at 177 E. Saddle River Road 280, Saddle River, New Jersey. (*Id*. ¶¶ 2, 5, 9–10.) Defendant Babigian, a New Jersey resident, owns SSR. (*Id*. ¶¶ 8, 10.) Plaintiff is also a New Jersey resident. (*Id*. ¶ 3.) SSR uses telemarketing to promote its services. (*Id*. ¶¶ 15–19.)

In 2003, Plaintiff registered his two residential landline numbers with the National Do-Not-Call Registry. (*Id*. ¶ 14.) Plaintiff alleges that beginning on July 31, 2025, and continuing through the pendency of this litigation, Defendants made twenty-two (22) unsolicited telemarketing calls to his two landline numbers using an automated telephone dialing system, introduced calls with a prerecorded or artificial voice without consent, and used caller ID spoofing. (*Id*. ¶¶ 15, 85–106.) Plaintiff had not provided his telephone numbers to, or conducted any business with, Defendants prior to the events giving rise to this action. (*Id*. ¶ 49.) Plaintiff further asserts that Babigian, as the owner of SSR, personally directed, supervised, and ratified the telemarketing calls. (*Id*. ¶¶ 4, 36, 79–84.)

Plaintiff initiated this action against Defendants on November 8, 2025, in the Superior Court of New Jersey, Law Division, Bergen County. (*See* Notice of Removal ("NOR"), ECF No. 1.) The Complaint asserts four causes of action against Defendants under the TCPA for: (1) initiating and/or directing prohibited telemarketing calls to his two landline telephones, both listed on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c)(5)(c) and 47 C.F.R. § 64.1200(c) (*Id*. ¶¶ 79–83); (2) initiating calls to Plaintiff's two landline telephones using automated dialing technology in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii) (*Id*. ¶¶ 84–92); (3) intentionally transmitting Caller ID information with spoofed non-working numbers that display on Plaintiff's Caller ID in connection with each of their prohibited calls to Plaintiff's two landline telephones, in violation of 47 C.F.R. § 64.1601(e) (*Id*. ¶¶ 93–101); and (4)

2

using a prerecorded or artificial voice to introduce telemarketing calls placed to Plaintiff's two landline telephones without his prior consent, in violation of 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(3) (*Id.* ¶¶ 102–106). Defendants were served on November 21, 2025. (NOR ¶ 2.) On December 22, 2025, Defendants removed this action to federal court. (*See* NOR.)

On December 30, 2025, Plaintiff requested entry of default against Defendants for failure to plead or otherwise defend, and the Clerk entered it on December 31, 2025. (*See* Req. for Default, ECF No. 4.)

On January 7, 2026, Plaintiff filed the instant motion for default judgment against Defendants pursuant to Rule 55(b). (Pl.'s Mot. for Default, ECF No. 5.) On January 14, 2026, Defendants cross-moved to set aside the entry of default pursuant to Rule 55(c) (Defs.' Mot. Br., ECF No. 7). Plaintiff opposed Defendants' motion. (Pl.'s Opp'n Br., ECF No. 8), and Defendants replied in further support (Defs.' Reply Br., ECF No. 9). After briefing was completed, Plaintiff filed a letter in response to Defendants' reply. (Pl.'s Ltr., ECF No. 10.) The motions are now fully briefed and ripe for the Court to decide.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 55(b)

Rule 55(b)(2) allows a court to enter default judgment against a party that fails to plead or otherwise defend claims made against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, ... and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

3

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id*. at *2.

**B.    Federal Rule of Civil Procedure 55(c)**

Rule 55(c) states that a court "may set aside [i.e., vacate] an entry of default for good cause." The Third Circuit uses a three-factor test "to determine whether 'good cause' exists." *Mycone Dental Supply Co., Inc. v. Generic Mfg. Corp.*, No. 22-5791, 2023 WL 3742827, at *2 (D.N.J. May 31, 2023) (citing *Doe v. Hesketh*, 828 F.3d 159, 174–75 (3d Cir. 2016)). To find "good cause" to set aside an entry of default, a court "must consider (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct." *Pooler v. Mrs. Kurbitis Realty, LLC*, No. 14-429, 2015 WL 5897455, at *2 (D.N.J. Oct. 7, 2015) (cleaned up).

"The decision to vacate the entry of default is within the discretion of the court." *Engie Power & Gas LLC v. Adorama N.J.*, No. 24-6480, 2024 WL 4818772, at *1 (D.N.J. Nov. 18, 2024) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The standard for setting aside an entry of default is "less stringent than for setting aside a default judgment." *Ne. Neurological Assoc. v. Indep. Care Grp. Plus*, No. 24-8252, 2025 WL 2043760, at *1 (D.N.J. July 21, 2025) (quoting *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003)); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (stating an entry of default

4

may be vacated with "[l]ess substantial grounds" than a judgment of default). The Court resolves

doubts "in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo*

*Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)

### III.   <u>DISCUSSION</u>

The Court begins with Defendants' motion to vacate default. Defendants argue the Court

should set aside the entry of default because (1) setting aside default would not prejudice Plaintiff,

(2) Defendants have meritorious defenses, and (3) good cause exists to vacate default. (Defs.' Mot.

Br. 3–11.) Plaintiff counters that good cause does not exist to vacate the default because (1)

Defendants lack a meritorious defense; (2) Defendants' default is the result of their own culpable

conduct; (3) setting aside default would prejudice Plaintiff; and (4) Defendants' Answer is a

nullity. (Pl.'s Opp'n Br. 4–8.)

### A.   **Prejudice to Plaintiff**

Plaintiff can establish prejudice by showing their "ability to pursue the claim has been

hindered" due to "a loss of available evidence, increased potential for fraud or collusion, or

substantial reliance upon the judgment." *Super 8 Worldwide, Inc. v. Sarwan Invs., LLC*, No. 14-

7810, 2016 WL 6398514, at *2 (D.N.J. Oct. 27, 2016) (quoting *Feliciano*, 691 F.2d at 656).

Plaintiff argues that default should not be set aside because he will lose the procedural

posture he earned through timely filings, he faces increased litigation costs as a result of having to

respond to a "sprawling, late Answer," and that evidence "risks degradation as time passes." (Pl. 's

Opp'n Br. 7.) Plaintiff has not established prejudice, for several reasons.

First, "costs of litigation alone do not create prejudice." *Huertas v. Ameritrade, Inc.*, No.

06-1430, 2008 WL 141106, at *3 (D.N.J. Jan. 11, 2008). Nor does mere delay, even when

combined with the costs of litigation, "establish the degree of prejudice" necessary to show good

cause. *Feliciano*, 691 F.2d at 656–57. Here, Defendants filed their motion to set aside the default within seven days of the entry of default, which the Court does not find to be an unreasonable amount of time. As outlined above, the record reflects that Defendants were served with the Complaint prior to removal on December 22, 2025, and their Answer was due seven days thereafter. The Clerk of the Court entered default on December 31, 2025, only two days after Defendants' response to the Complaint was due. On January 7, 2026, Plaintiff moved for default judgment. (*See* Pl's Mot. for Default.) On January 14, 2026, Defendants cross-moved to set aside default. (*See* Defs.' Mot. Br.) Given the relatively short time between the deadline to respond to the Complaint and Defendants' filing of their motion to set aside default, the Court does not find that Plaintiff has suffered prejudice. Plaintiff will still be able to produce discovery to establish his claims and present those claims for adjudication on their merits.

Second, Plaintiff has not established that there has been a loss of available evidence, an increased potential for fraud or collusion, or that Plaintiff has substantially relied on any judgment. *See Paris*, 2013 WL 4047638, at *3. In fact, Plaintiff concedes that he has "diligently preserved call logs, notes, contemporaneous documentation." (Pl.'s Opp'n Br. 7.) Accordingly, the Court concludes that setting aside the entry of default does not prejudice Plaintiff.

### B.    Meritorious Defenses

A defense is meritorious if the defendants' allegations, taken as true, "would constitute a complete defense." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). The Court "need not decide the legal issue at this time; it is sufficient that [Defendants'] proffered defense is not "facially unmeritorious."' *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (quoting *Gross*, 700 F.2d at 123).

Here, Defendants assert several defenses that, if taken as true, are not "facially unmeritorious." First, Defendants argue that the Complaint fails to state a viable claim against Babigian in his individual capacity. Defendants contend that a corporate officer is not personally liable under the TCPA merely because of his ownership or executive status. (Defs.' Mot. Br. 7.) Instead, Defendants contend that personal liability attaches only when the officer "actually committed the conduct that violated the TCPA," such as setting up or directly controlling the telemarketing systems at issue (*Id.*, quoting *City Select Auto Sales Inc. v. David Randall Assocs.*, Inc., 885 F.3d 154, 162 (3d Cir. 2018); *see also McGee v. Halsted Fin. Servs., LLC*, No. 13-1555, 2014 WL 1203138, at *1 (D. Del. Mar. 19, 2014)).

Next, Defendants deny that any call to Plaintiff was placed using an automatic telephone dialing system or a prerecorded voice in violation of 47 U.S.C. § 227(b); that at least some of the calls were made without Plaintiff's consent; and that any Caller ID information was knowingly falsified or "spoofed." (Defs.' Mot. Br. 8.) Defendants further contend that Plaintiff's conduct, at a minimum, demonstrates an implied invitation or express consent to receive follow-up communications, directly rebutting Plaintiff's claim that the calls were entirely unsolicited and unlawful under the TCPA. (*Id.*) Defendants also contend that Plaintiff created the appearance of unlawful conduct where none existed, further underscoring the need to litigate this case on the facts, not by default. (*Id.*) The Court finds that Defendants have meritorious defenses supporting good cause to set aside the entry of default.

### C. Culpability

To establish culpability for default, Plaintiff must show that Defendants acted "willfully or in bad faith," *Feliciano*, 691 F.2d at 657, in a manner "intentionally designed to avoid compliance with court notices," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984), or with "[r]eckless

disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury." *Id.* Yet culpability requires showing "more than mere negligence." *Id.* "[M]ere failure to respond to a claim despite having notice is generally not culpable conduct." *Malibu Media, LLC v. Waller*, No. 15-3002, 2016 WL 184422, at *4.

Plaintiff argues that Defendants were served on November 21, 2025; retained counsel; removed the case on December 22, 2025; knew the answer deadline; and yet ignored it. (Pl.'s Opp'n Br. 7.) Plaintiff contends that Defendants did not request an extension or contact Plaintiff and did nothing until after default and after Plaintiff moved for default judgment. (*Id.*) Plaintiff asserts that Defendants' motion offers no sworn facts and no credible explanation for their inaction. (*Id.*) However, the record lacks evidence of willfulness, bad faith, or reckless disregard of repeated communications.

Defendant, on the other hand, argues that the default resulted from a brief, explainable delay stemming from Babigian's need to retain "appropriate legal counsel for a federal litigation matter during the intervening winter holiday season and after trying to settle the matter in pre-litigation, unsuccessfully." (Defs.' Mot. Br. 10.) Defendants maintain that once counsel was retained, they acted promptly and intend to engage with the process in good faith. (*Id.*) Yet this dispute over what led to Defendants' delay in filing an Answer does not show culpable conduct; the Court resolves doubts "in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). Moreover, "a delay due to a defendant's efforts to retain counsel do not amount to culpable conduct." *Paris*, 2013 WL 4047638, at *4. Defendants also participated in this litigation after retaining counsel following the entry of default. "Nothing in this history establishes the kind of wanton disregard for the

8

proceedings required to show culpable conduct." *Wingate Inns Int'l, Inc. v. P.G.S., LLC*, No. 09-6198, 2011 WL 256327, at \*4 (D.N.J. Jan. 26, 2011).

Because vacating the default does not prejudice Plaintiff, Defendants have meritorious defenses, and Defendants are not culpable for the default, the Court **GRANTS** Defendants' motion to set aside the entry of default.

### D.    Plaintiff's Motion for Default Judgment

In light of the Court's granting Defendants' motion to set aside default, Plaintiff's motion for default judgment against Defendants is **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (ECF No. 5) is **DENIED**; and Defendants' motion to set aside the entry of default (ECF No. 7) is **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED:** July 27, 2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

9